Okey, J.
Where a finding of facts under section 280 of the civil code (Rev. Stats., § 5205), fairly admits of two *624 constructions, one of which calls for the- affirmance, and' the other the reversal of the judgment, the finding should receive that construction which will sustain the judgment. Jack v. Hudnall, 25 Ohio St. 225. But there is a presumption that no evidence was offered from which any other material fact could be found than those set forth in such finding; and where, as in this case, the record does not contain the evidence, and the finding is within the issue, that presumption is, on error, generally conclusive. As the mere rendition of judgment may be a sufficient statement of the conclusion of law (Levi v. Daniels, 22 Ohio St. 38), any other view than the one stated would lead to this-absurd result, that such finding of fact and conclusion of law could afford no ground of reversal, unless the evidence be incorporated in the record. This case, then, must be determined from such statements in the pleadings as stand admitted, and from the finding of facts.
The plat of lands, embracing the tracts now sought to-be sold, prepared in 1845, by or under the direction of Jonathan Bartlett, administrator of Jonathan Dayton, was made with reference to the sale of a portion of the lands of the decedent to pay debts. This was doubtless done under section 132 of the administration act. 1 Curwen, 735. Bartlett was not the owner of the land, nor the agent of the owner, and hence that was not a town plat executed and recorded in pursuance of the act then in force relating to that subject. 3 Curwen, 2465. Cloon’s plat, made in 1852, did not include the cemetery tract, but did embrace the Springer tract, which, without subdivision, was designated on the plat as number 58. Whether Cloon was then the owner of the Springer tract does not directly appear, nor is any reason given why it was not subdivided; but assuming the ownership to have been then in Cloon, and that sufficient reasons existed for leaving the lot as an entire tract, it must be remembered that it contained more than three and one-half acres, fronting on Clinton street and extending therefrom nearly five hundred and fifty feet. Lots on the opposite side of the street, and others in the village *625 near the Springer lot, were only two hundred feet in depth; and, indeed, for aught that appears in the record, there may have been lots on each side of the tracts in question which-would fairly furnish a standard for the assessments of those-tracts. Council, in any view, would have had no difficulty in resorting to section 542 of the municipal code of 1869.
In determining whether a particular parcel of real estaféis “ land which is in bulk,” within the meaning of section 542, regard must be had, not merely to a recorded plat of the town, but to the size of lots generally in the municipal' corporation. If the lots in a particular village contain, as a general rule, three and one-half acres, a lot of that size can not be regarded, in that village, as land in bulk; but the-holding should be different with respect to a lot of that size in a village where the usual size of lots is one acre. In-other words, the phrase is relative in its character.
Where it is determined that the tract is “ land which is-in bulk,” the assessment must be made according to section 542, as construed in Cincinnati v. Oliver, 31 Ohio St. 371. The cemetery lot is clearly “ in bulk,” within the meaning of that section, and so we must regard the Springer lot, which is larger. And as the council has taken no step to-make an assessment under that section, the assessment can not be sustained. It clearly appears that the assessment extended over the whole of both tracts. Formerly this-would have rendered the assessment void, but under the-curative provisions of our statutes, such result does not necessarily follow.
It is contended, furthermore, that the assessment was-made under section 543 of the municipal code, as amended. March 30, 1874 (71 Ohio L. 45), and that this was erroneous for the reason that the contract had then been let, and for the further reason that the proviso giving power to villages in Hamilton county, in making special assessments,, to have regard to the value “after such improvement is made,” is in conflict with the constitution, article 2, § 26, which requires that, “ all laws of a general nature shall have *626 a uniform operation throughout the state.” But there is another constitutional question which may be involved in this case, not only with respect to the above-mentioned amendment of 1874, but also as to section 540 of the municipal code, as amended March 12,1873 (70 Ohio L. 63). That question is, whether the exceptions or clauses which are claimed to take certain villages, including Avondale, out of the general provisions as to assessments in villages, -are not special provisions granting corporate power, and hence in conflict with section 1 of article 13 of the constitution. See The State v. Mitchell, 31 Ohio St. 592. As the question has not been argued we are unwilling to decide it. But we would be unwilling to determine the constitutional question argued without deciding other constitutional questions presented in the record, unless the decision of the question argued should be deemed essential to a determination of the case. We find, however, that this case may be disposed of without, at present, entering upon an examination of the constitutional questions. Looking to the finding of facts, we are unable to say, that, even if the assessment was made according to the value “ as assessed for taxation,” either under the amendment of 1874, above mentioned, or under section 543, as amended in 1871 (68 Ohio L. 125), the tracts, or either of them, could legally bear the assessment, limited, as it must be, under section 542, as to territory; nor does it appear they could bear such assessment, even if regard be had to the value after the improvement was made. If free from constitutional objection, the case no doubt is a proper one for a resort to the curative provisions of our statutes, but the finding does not contain facts sufficient to justify a judgment under those provisions. To justify a special assessment the right to levy it must be made to appear (Sharp v. Spier, Sharp v. Johnson, 4 Hill, N. Y. 76, 92), and here the requisxte facts do not appear.

Judgment reversed.